UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAUL CORDERO, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LUMENIS INC.,<br><br>    Defendant. | Case No. 5:15-cv-03164-HRL<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 69 |

In Discovery Dispute Joint Report No. 1, defendant Lumenis, Inc. (Lumenis) seeks a protective order precluding plaintiff from obtaining Lumenis' Fed. R. Civ. P. 30(b)(6) deposition testimony responsive to Topic 12. Lumenis also seeks an order quashing notices for the depositions of Jeff Thompson and BZ Ellis. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Having considered the parties' arguments, the court grants Lumenis' request in part and denies it in part as follows:

Lumenis' request to preclude plaintiff from obtaining any Fed. R. Civ. P. 30(b)(6) testimony responsive to Topic 12 is denied. The requested testimony is, with some limitations to be discussed, within the permissible scope of discovery under Fed. R. Civ. P. 26. On this record, defendant has not convincingly demonstrated, and this court is unprepared to find on a blanket basis, that all of the requested testimony qualifies as attorney-client privileged communications or

1  attorney work product. Nevertheless, Topic 12, as drafted, calls for matters potentially protected
2  from discovery. Accordingly, Topic 12 will be limited to communications (if any) (1) between
3  non-attorneys that (2) were not made for the purpose of securing or rendering legal advice. Any
4  matters legitimately qualifying as attorney work product are also off-limits, plaintiff having failed
5  to show that he needs such information.

6  Lumenis' request to quash the notices for the depositions of Jeff Thompson and BZ Ellis is
7  denied. Both were identified by defendant as potential witnesses in initial disclosures.
8  Nevertheless, this court is of the view that when a person is deposed as an individual and as a
9  corporate designee, the deposing party is not automatically entitled to examine the witness for
10 seven hours as an individual and another seven hours as a Fed.R.Civ.P. 30(b)(6) witness. Rather,
11 the court has discretion to modify the seven-hour limit as may be needed for a fair examination.
12 Fed. R. Civ. P. 30(d)(1); Miller v. Waseca Medical Ctr., 205 F.R.D. 537, 540 (D. Minn. 2002).
13 The only apparent reason plaintiff now seeks Thompson's deposition as an individual is to ask
14 about his contacts with customer service engineers. Accordingly, Thompson's individual
15 deposition will be limited to 2 hours (not including breaks), without regard to whatever additional
16 time Thompson might be designated to testify in his capacity as a corporate designee. This ruling
17 is, however, without prejudice to plaintiff to seek more time if needed for a fair examination. On
18 any such application, plaintiff is advised that he must present more than generalities as to why
19 additional time is necessary.

20 The court declines to require plaintiff to proceed with interrogatories or written deposition
21 questions as to Thompson and Ellis. Even so, the parties are encouraged to work together to
22 proceed with their depositions in an efficient and cost-effective manner.

23 Finally, to the extent any particular question posed covers matters that are protected from
24 discovery under the attorney-client privilege or the attorney work product doctrine, this order

1  is without prejudice to defendant to make its objections at the depositions.

2       SO ORDERED.

3  Dated:   June 22, 2016

                                      HOWARD R. LLOYD
                                      United States Magistrate Judge

5:15-cv-03164-HRL Notice has been electronically mailed to:

Amy Sharyl Williams    awilliams@cdflaborlaw.com

Ashley Halberda    ahalberda@cdflaborlaw.com, manderson@cdflaborlaw.com

Daniel S Brome    dbrome@nka.com, assistant@nka.com

Matthew C Helland    helland@nka.com, assistant@nka.com

Todd Robin Wulffson    TWulffson@CDFLaborLaw.com, jfelde@cdflaborlaw.com